FIFTH DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

Case Nos. 5D2025-1781
5D2025-1810
LT Case No. 05-2023-CF-12391-A

_____

STATE OF FLORIDA,

    Appellant/Cross-Appellee,

    v.

MICHAEL ADAM DAVIS,

    Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Brevard County.
Charles G. Crawford, Judge.

James Uthmeier, Attorney General, Tallahassee, and Deborah A.
Chance, Assistant Attorney General, Daytona Beach, for
Appellant/Cross-Appellee.

Matthew J. Metz, Public Defender, and Joseph R. Chloupek,
Assistant Public Defender, Daytona Beach, for Appellee/Cross-
Appellant.

June 26, 2026

PER CURIAM.

    Michael Adam Davis—a twenty-five-time convicted felon—
was found guilty by a jury of his peers of aggravated battery, a
second degree felony. Immediately upon returning this verdict, the

jury received evidence and argument addressing the bifurcated question of whether Davis was a prison releasee reoffender under section 775.082(9), Florida Statutes (2022). The jury determined he was. Later, concluding the evidence presented to the jury was insufficient to support their verdict finding Davis a prison releasee reoffender, the trial judge announced he was "setting aside the jury's decision of PRR."[1]

The State appeals the trial court's decision.[2] We conclude the trial court erred in its determination that the evidence was insufficient to find Davis a prison releasee reoffender.

The PRR statute mandates that a defendant who commits a qualifying offense (here, aggravated battery) "within 3 years after being released from a state correctional facility operated by the Department of Corrections [or other identified facility or institution] . . . must be sentenced . . . for a felony of the second degree, by a [maximum] term of imprisonment of 15 years." § 775.082(9)(a)1.–3., Fla. Stat. A prison releasee reoffender is not eligible for parole or any other form of early release and "must serve 100 percent of the court-imposed sentence." § 775.082(9)(b), Fla. Stat.

Here, amongst other evidence proving the question, Davis himself testified that prior to the January 2023 offense charged, he was last released from a state correctional facility in June 2022, just seven months prior. This, of course, is well within the statutory three-year timeframe. As a result, the evidence presented to the jury was sufficient to sustain its finding that Davis was a prison releasee reoffender.

Accordingly, we reverse the trial court's order setting aside the jury's verdict finding Davis a prison releasee reoffender, and remand this case to the trial court with instructions to reinstate

---

[1] Ultimately, following a sentencing hearing, Davis was sentenced on the aggravated battery count to nine years in prison followed by five years of probation.

[2] Davis filed a cross-appeal, which is without merit. We affirm on all issues raised without further comment.

the jury verdict and designate Davis a prison releasee reoffender. Further, the trial court shall conduct a resentencing hearing, at which Davis is entitled to counsel. As mandated by section 775.082(9)(a)3.c., Florida Statutes, Davis shall be sentenced to the fifteen-year maximum sentence.

REVERSED and REMANDED WITH INSTRUCTIONS. CROSS APPEAL AFFIRMED.


LAMBERT and SOUD, JJ., concur.
KILBANE, J., concurs in result only.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____